IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-82442-TLS |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 30, 2012, on a motion to extend the automatic stay filed by Debtor (Fil. #182), a response filed by the Official Committee of Unsecured Creditors (Fil. #196), and an objection filed by creditor U.S. Bank (Fil #199). Kathryn Derr appeared for Debtor, Kristin Farwell appeared for the Official Committee of Unsecured Creditors, and Eric Adams and Thomas Ashby appeared for U.S. Bank. Evidence was admitted, and the matter was taken under advisement.

For the reasons discussed below, the motion is denied.

Debtor is the sole shareholder of WE Julien & Associates, Ltd., a Nebraska corporation ("WE Julien"). The assets of WE Julien consist primarily of an unencumbered parcel of real estate located in Douglas County, Nebraska, which is valued at approximately $140,000.00.

Debtor is also the sole shareholder of Catalyst International, Inc. ("Catalyst"), a corporation which has ceased business operations. Catalyst and Debtor (but not WE Julien) are jointly indebted to U.S. Bank. U.S. Bank claims a security interest in the assets of Catalyst, and Debtor personally guaranteed the obligations of Catalyst to U.S. Bank. WE Julien, however, did not guarantee any obligations and is not directly contractually obligated to U.S. Bank.

On November 8, 2011, U.S. Bank filed a complaint in the District Court of Douglas County, Nebraska, against WE Julien asserting that WE Julien is a creditor of Catalyst and has the right under the Uniform Commercial Code to proceed against account debtors of Catalyst pursuant to Neb. Rev. Stat. UCC § 9-607.

As the sole shareholder of WE Julien, Debtor has proposed a plan to sell the unencumbered real estate of WE Julien and to distribute the net proceeds to the unsecured creditors of Debtor. Debtor has also filed his motion seeking to stay U.S. Bank from taking action against WE Julien. Although Debtor's motion is entitled a motion to "extend" the automatic stay, it is a motion asking this court to "impose" the automatic stay in favor of a non-debtor third party to prevent U.S. Bank from taking action against that party.

Debtor asserts that while the automatic stay provided for in 11 U.S.C. § 362(a) generally applies only to a debtor in a Chapter 11 case, the protections of the automatic stay have been extended to non-debtors in unusual circumstances, such as when the claim against the non-debtor will

have an immediate adverse economic consequence to the debtor's estate. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003). Debtor asserts that since his plan is to sell the real estate asset of his wholly-owned company, WE Julien, and distribute the net proceeds to his unsecured creditors, the action by U.S. Bank against WE Julien will have an adverse economic consequence to the estate.

U.S. Bank agrees that there are unusual circumstances where the automatic stay can be imposed against a non-debtor, but this case is not one of those circumstances. U.S. Bank points out that it is simply seeking to collect an account receivable against WE Julien, a non-debtor entity, and that the assets of WE Julien are not the assets of Debtor's estate.

Although both sides have cited to numerous cases with respect to imposition of the automatic stay against non-debtors, they seem to be in general agreement as to the applicable law. Their conflict lies more in the application of the law to the facts of the present case. The Eighth Circuit has spoken definitively on the subject of when a bankruptcy court can stay actions against a non-debtor:

> The bankruptcy court can stay actions against any party, even a non-debtor, whenever the objective of the action is to obtain possession or exercise control over the debtor's property. *See* 11 U.S.C. § 362(a)(3). Unless a case involves unusual circumstances, however, the bankruptcy court cannot halt litigation by non-debtors, "even if they are in a similar legal or factual nexus with the debtor." *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1992)); *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999).
>
> The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare. *Reliant Energy Serv., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). They typically arise where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997) (internal quotation marks and citation omitted); *see also A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (indicating a stay under § 362(a)(1) may apply to non-debtor where, for example, a third party is entitled to absolute indemnity by the debtor on account). In other words, the automatic stay will apply to non-debtors only when "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003) (listing actions as debtor's guarantors or insurers as examples of permissible orders of stay against non-debtors).

*Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762-63 (8th Cir. 2011).

At first blush, this case appears to be one of those unusual circumstances. Debtor is the 100% owner of WE Julien and thus has some identity of interest. Further, Debtor is the guarantor of the debt owed by Catalyst to U.S. Bank, and U.S. Bank is attempting to collect on an asset of Catalyst; i.e., the account receivable allegedly owed by WE Julien. Indeed, Debtor plans to use the proceeds of the very property U.S. Bank is pursuing to fund his Chapter 11 plan.

Upon closer examination, however, it becomes clear that this is not one of those unusual circumstances where the automatic stay should be imposed in favor of a non-debtor. Specifically, Debtor wishes to use the proceeds of the sale of the real estate asset of WE Julien to pay the creditors of *Debtor*. Debtor, however, fails to take into account the creditors of WE Julien. At the hearing, Debtor's counsel acknowledged that under Nebraska law, when the assets of a corporation are liquidated, the creditors of that corporation need to be paid before the proceeds can be distributed to the equity holders. Thus, the *only* interest that the estate of this Debtor has in the assets of WE Julien are the assets or proceeds remaining *after* satisfaction of the debts of WE Julien.

Debtor's motion states that WE Julien received inter-company loans from Catalyst from time to time in the approximate amount of $420,700.00. Notwithstanding that statement, at the hearing counsel for Debtor asserted that there is now some dispute as to whether WE Julien owes any money to Catalyst. Specifically, counsel asserted that Debtor has discovered some incorrect bookkeeping entries by the former chief financial officer of both Catalyst and WE Julien. At a minimum, there appears to be a factual dispute as to whether there is an account receivable owing from WE Julien to Catalyst upon which U.S. Bank is entitled to collect. Counsel also agreed that the factual dispute would need to be resolved as part of or contemporaneously with the plan confirmation process and asserted a preference for resolving that factual question in bankruptcy court rather than in state court where the case is currently pending.

As a result, imposition of the automatic stay against U.S. Bank is not really the ultimate issue at all – the determination of the account receivable needs to proceed. Instead, the ultimate issue is whether the collection of the alleged account receivable owed by WE Julien to Catalyst should take place in bankruptcy court or state court. Counsel for U.S. Bank asserts that this court likely lacks jurisdiction over the conflict between the two non-debtor parties in light of *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011). However, couching the issue in terms of "jurisdiction" is technically incorrect. As the Bankruptcy Appellate Panel for the Eighth Circuit has recently stated:

> Congress has allowed district courts to refer bankruptcy cases and proceedings to the bankruptcy judges in its district. 28 U.S.C. § 157(a). The United States District Court for the District of Nebraska has made such a reference. Thus, whatever jurisdiction Congress vested in the district court, has now been referred to the bankruptcy court. However, Congress, aware of constitutional limitations, has limited the bankruptcy court's authority over these referred cases and proceedings. Congress has granted the bankruptcy court the authority to hear *and determine* all bankruptcy cases and all core proceedings arising under the Bankruptcy Code or arising in a bankruptcy case. *Id.* § 157(b)(1). If a proceeding is not a core proceeding,

> the bankruptcy judge may still hear the proceeding, but may not *determine it*. In the latter situation the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court. *Id.* § 157(c)(1). Lastly, a bankruptcy judge may hear and determine a non-core proceeding with the consent of the parties. *Id.* § 157(c)(2).

*Badami v. Sears (In re AFY, Inc.)*, ___ B.R. ___, 2012 WL 98510 at *3 (B.A.P. 8th Cir. Jan. 13, 2012).

Thus, the first question in determining the bankruptcy court's authority to enter a final order is to see if Congress has granted the court the statutory authority to do so by designating it as a core proceeding. The motion that is presently in front of the court, to impose the automatic stay, is clearly a core proceeding. 28 U.S.C. § 157(b)(2)(A), (G), and (O). But, the dispute between two non-debtor parties on an account receivable is not a core proceeding as it did not arise under title 11 or in a bankruptcy case.[1] It is, however, "related to" this bankruptcy proceeding since it would clearly have an effect on the estate being administered in bankruptcy. *Schmidt v. Klein Bank (In re Schmidt)*, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011) (stating that non-core, related-to proceedings are those which could conceivably have an effect on the estate being administered). Thus, this bankruptcy court has the statutory authority, and therefore the jurisdiction, to hear the dispute between WE Julien and Catalyst and submit proposed findings of fact and conclusions of law to the district court.

The next question is whether or not this court should abstain from hearing the action. 28 U.S.C. § 1334 contains two provisions regarding abstention. Section 1334(c)(1) sets forth what is referred to as permissive abstention by providing that a federal court "in the interest of justice, or in the interest of comity with State courts or respect for State law" may abstain from hearing a particular proceeding related to a case under title 11. Section 1334(c)(2) contains what is known as mandatory abstention and provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 . . ., with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Of course, because of the procedural posture of this proceeding (where the court is being asked to impose the automatic stay against a non-debtor third party), the issue of abstention is not yet ripe for consideration. It is, however, an important consideration in determining whether to

---

[1] In *Stern v. Marshall*, the United States Supreme Court rejected the notion that § 157 embodies a category of matters that are core, but do not arise under or arise in a bankruptcy case. 131 S. Ct. at 2605. Thus, since the dispute between the two non-debtor parties did not arise in a bankruptcy case or under title 11, it is a non-core proceeding.

impose the automatic stay against U.S. Bank. As discussed previously, a resolution of whether WE Julien is indebted to Catalyst is imperative to the feasibility of at least a portion of Debtor's plan. Thus, the motion to extend the automatic stay, which would effectively stay the resolution of that issue, must be denied.

IT IS, THEREFORE, ORDERED that Debtor's motion to extend the automatic stay (Fil. #182) is denied.

DATED: February 1, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Kathryn Derr
    Kristin Farwell
    Eric Adams/Thomas Ashby
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.