IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-82442-TLS |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

  Hearing was held in Omaha, Nebraska, on June 11, 2012, on a motion for extension of time to file dischargeability complaint filed by creditor American National Bank, d/b/a Metro Leasing (Fil. #230) and an objection filed by Debtor (Fil. #235). Richard P. Garden, Jr. appeared for American National Bank ("ANB"), and Kathryn J. Derr appeared for Debtor.

  For the reasons discussed below, the motion is denied.

  Dr. William E. Julien is the principal member of Biovance Texas, LLC. On May 21, 2009, Biovance entered into a finance lease with ANB for the purchase (along with engineering, delivery, and installation) of two industrial coolers from Kessler Equipment Sales Co., Inc. Dr. Julien guaranteed the obligations of Biovance. The total cost was represented to be $290,051.24, which ANB wired to Kessler on May 26, 2009. Unknown to ANB at the time, on that same date Kessler mailed to Biovance a check in the amount of $175,000.00 designated as a "refund."

  Dr. Julien's Chapter 11 petition was filed on August 23, 2010. On August 31, 2010, ANB filed its entry of appearance and request for notice, and the first meeting of creditors took place on September 17, 2010. On February 21, 2011, ANB filed a motion for Rule 2004 exam in which it states that it "recently discovered" the $175,000.00 refund by Kessler and was seeking documents related to the transaction. The motion was granted on March 15, 2011. On August 18, 2011, ANB filed a motion to compel discovery, which was subsequently granted. ANB now seeks an extension of the deadline to file a dischargeability complaint.

  Under Bankruptcy Rule 4007(c), a complaint to determine the dischargeability of a debt shall be filed no later than 60 days after the first date set for the meeting of creditors. It further provides that the court can extend that deadline "for cause," provided that the motion is filed before the time period has expired. Federal Rule of Bankruptcy Procedure 9006(b)(3) permits enlargement of time under Rules 4004(b) and 4007(c) "only to the extent and under the conditions stated in those rules." The first meeting of creditors was scheduled for September 17, 2010, making November 16, 2010, the deadline for filing a complaint to determine the dischargeability of a debt. ANB did not file its motion for extension of time until April 19, 2012.

The Eighth Circuit Bankruptcy Appellate Panel has stated:

> As noted above, Rule 4007(c) permits an extension of time only when the request is filed before the time has expired. In this case, the request for extension was not properly filed before the deadline, so the court had no authority to grant the request. *See Palmer v. Nordin (In re Nordin)*, 299 B.R. 915, 917 (8th Cir. BAP 2003).
>
> "Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure establish time limits for filing complaints objecting to discharge of a debtor or to dischargeability of a debt. These rules are analogous to statutes of limitations and are strictly construed." *KBHS Broad. Co. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (8th Cir. BAP 1998). However, Rules 4004 and 4007 are not jurisdictional and are subject to the defenses of waiver, estoppel, and equitable tolling. *Block v. Moss (In re Moss)*, 266 B.R. 408, 414 (8th Cir. BAP 2001), *aff'd*, 289 F.3d 540, 542 (8th Cir.2002); *Landmark Cmty. Bank v. Perkins (In re Perkins)*, 271 B.R. 607, 611-12 (8th Cir. BAP 2002).

*Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). Further, the equitable doctrines of waiver, estoppel, and tolling must be applied in a manner "consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts." *In re Kontrick,* 295 F.3d 724, 733 (7th Cir. 2002), *aff'd on other grounds, Kontrick v. Ryan,* 540 U.S. 443 (2004).

ANB's motion for extension of time was not filed prior to the November 16, 2010, deadline to file dischargeability actions. In fact, it was not filed until approximately 17 months later. However, ANB asserts that the doctrine of equitable tolling should be invoked to allow it to file its complaint at this late date. Specifically, ANB says it was not aware that it may have been the victim of fraud until certain documents were produced in a related state court litigation on February 12, 2012. According to ANB, the documents are certain email communications between Kessler and Kathleen Petersen, the controller of Biovance, which establish an agreement at the time of the finance lease transaction to fraudulently increase the price of the coolers by an "extra amount" of $175,000.00 to be immediately refunded to Biovance. Dr. Julien denies any involvement or knowledge of the fraud and ANB has not produced any evidence to indicate any such involvement or knowledge. However, ANB asserts that the fraud of Biovance should be imputed to Dr. Julien.

According to the United States Supreme Court, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). It has also been said that "[a] creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule." *Opportunity Bank, N.A. v. Martinsen (In re Martinsen),* 449 B.R. 917, 924 (Bankr. W.D. Wis. 2011). Equitable exceptions to the deadline in Bankruptcy Rule 4007(c) must be construed

strictly in favor of the debtor and consistent with the goal of promptly resolving dischargeability issues. *Id.*

The deadline expired on November 16, 2010. Prior to that date, several other parties filed timely motions to extend time to file complaints objecting to discharge. ANB did not. ANB does not point to any action by the bank to diligently pursue or investigate its rights prior to that date. It also does not identify any action by Dr. Julien or any extraordinary circumstance that stood in its way prior to that date. On February 21, 2011, well after the deadline, ANB sought a Rule 2004 exam because it "recently discovered" the $175,000.00 refund. Even so, ANB did not at that time file a motion to extend time to file a complaint; instead it waited until April of 2012 after it discovered more detail. Granted, it seems that Dr. Julien was less than cooperative during the Rule 2004 exam process – but ANB did not even begin the process until it was already too late. Accordingly, this case does not qualify for the equitable tolling exception to the general rule requiring strict compliance with the Rule 4007(c) deadline.

IT IS, THEREFORE, ORDERED that the motion to extend time to file dischargeability complaint filed by American National Bank, d/b/a Metro Leasing (Fil. #230) is denied.

DATED: June 18, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Richard P. Garden, Jr.
    Kathryn J. Derr
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.