IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-82442-TLS |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

      A status hearing was held in Lincoln, Nebraska, on December 13, 2012, to determine whether Koley Jessen, P.C., L.L.O., attorneys for the Official Committee of Unsecured Creditors, holds a final money judgment upon which execution may be issued. Donald L. Swanson appeared for Koley Jessen, and Kathryn J. Derr appeared for Debtor. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

      The background facts are set forth below:

      Debtor filed his voluntary petition under Chapter 11 on August 23, 2010. Subsequently, the court approved the appointment of Koley Jessen as counsel for the committee (Fil. #184). On July 25, 2012, Debtor's amended plan was confirmed (Fil. #328). Under paragraph 3.02 of the confirmed plan (Fil. #232), Debtor is required to pay administrative claims "in full on the effective date of this Plan." Under paragraph 8.02 of the confirmed plan, the effective date of the plan is the "eleventh business day following the date of the entry of the order of confirmation."

      Koley Jessen filed two separate applications for allowance of fees and expenses (Fil. #210 and Fil. #335). On March 19, 2012, this court approved Koley Jessen's interim application for fees in the amount of $12,401.50 and expenses of $28.48 (Fil. #213). On September 7, 2012, this court approved Koley Jessen's "Final Application" for fees in the amount of $35,524.00 and expenses of $290.11 (Fil. #339).

      Debtor failed to pay administrative claims on the effective date as required by the confirmed plan. Debtor's failure to pay administrative claims, including Koley Jessen's fees and expenses, continued beyond the 90-day grace period set forth in Article XI of the confirmed plan.

      A hearing was held on November 5, 2012, on the United States Trustee's motion to dismiss or convert the case for failure of Debtor to pay administrative expenses owed to the United States Trustee's office. During that hearing, a settlement was reached between the United States Trustee and Debtor which, among other things, deferred ruling on the United States Trustee's motion to dismiss or convert. As a result of the agreement reached by the United States Trustee and Debtor, an order was entered (Fil. #350) which set forth the fees due to the United States Trustee, identified the fees and expenses that had previously been approved for Ms. Derr as counsel for Debtor, and identified the fees and expenses that had been previously approved for Koley Jessen as counsel for the committee. The order further set forth the specific monthly payments Debtor agreed to make

against the various administrative expenses and provided that the balance would be paid from the proceeds of the sale of certain real property owned by Debtor in the state of Maine. That property is subject to a contract for sale to close in March 2013.

As indicated, the order (Fil. #350) was entered as a result of an agreement reached by Debtor and the United States Trustee at the hearing on the United States Trustee's motion to dismiss or convert. The United States Trustee agreed to the terms of repayment that were subsequently set forth in the order. Koley Jessen did not agree. Since Koley Jessen was not the party who filed the motion to dismiss or convert and since Koley Jessen expressly did not accept the terms of the settlement proposed by Debtor, the order entered on the United States Trustee's motion expressly provided "[n]othing herein limits any claim, right or remedy that Kathryn J. Derr and Koley Jessen, P.C., L.L.O. have or may exercise regarding their right to enforce payment of their administrative claims for fees and expenses."

On November 7, 2012, Koley Jessen filed its "Motion for Final Order Awarding Administrative Fees and Expenses that must be paid under Confirmed Plan" (Fil. #353). In that motion, Koley Jessen identified its prior applications, as well as additional fees requested as part of the motion, and described the relief requested as follows:

> Koley Jessen moves the Court for a judgment (*i.e.*, an "appealable order"– as defined in B.R. 9001(7)) that the principal amount of the Koley Jessen administrative claim that must be paid by Debtor under paragraph 3.02 of the Confirmed Plan is the sum of $50,117.94, as set forth in paragraph 10 above.

Koley Jessen provided a notice and resistance deadline pursuant to Neb. R. Bankr. P. 9013-1. No objections were filed to Koley Jessen's motion, and on November 29, 2012, this court entered its order (Fil. #354) granting Koley Jessen's motion.[1]

Subsequently, Koley Jessen appeared at the office of the clerk of the bankruptcy court and requested that a writ of execution be issued on its judgment. Since the request was unusual, the court set a status hearing to be held on December 13, 2012.

At the status hearing, Mr. Swanson explained Koley Jessen's position that, pursuant to Bankruptcy Rule 9001(7), "judgment" means any appealable order. Pursuant to Koley Jessen's motion (Fil. #353) and the court's order granting the motion (Fil. #354), Koley Jessen asserted that it had obtained an appealable order and, therefore, a judgment. Koley Jessen further asserted that pursuant to Fed. R. Civ. P. 69, a money judgment is enforced by a writ of execution. Debtor argued that Koley Jessen did not have an executable judgment, that the inability to pay was the result of an unforseen circumstance and that Debtor should be given time to find a way to pay the administrative

---

[1]Koley Jessen did not submit a separate "judgment" for the court's signature. Therefore, the order granting its motion is simply a text order on the court docket granting the motion due to lack of resistance.

expenses. Debtor was afforded a short period of time following the hearing to submit any authority to support Debtor's position. Debtor's brief was filed on December 14, 2012 (Fil. #359).

The brief filed by Debtor's counsel "concedes Koley Jessen's power to obtain a judgment for its unpaid fees and seek to execute upon the same." Therefore, this Order will not address that issue.[2] Instead, Debtor requests that the court exercise its discretion to issue a stay of execution until April 15, 2013. Specifically, Debtor asserts that his confirmed plan agrees to pay all creditors in full with interest and that the Koley Jessen administrative claim represents a small fraction of the total unsecured claims to be paid in this case and the related proceeding of Biovance Technologies, Inc. (Case No. BK10-82441). Debtor further asserts that the case is not administratively insolvent as there are unliquidated assets of approximately $1,800,000.00 at this time, and that there is more than sufficient equity in the Maine property to pay Koley Jessen in full upon closing at the end of March 2013.

Debtor further asserts that his ability to perform his plan to pay all unsecured creditors in full is premised on orderly liquidation of certain assets. Permitting Koley Jessen to execute on Debtor's assets to satisfy its administrative claim is unlikely to yield the highest or best price, and allowing execution would place Debtor's homestead property in jeopardy. Finally, Debtor has agreed to pay the Koley Jessen claim in full from the sale of the Maine property, so that agreement together with the court's oversight of the case adequately protects Koley Jessen's interests.

The stay of execution requested here is in the nature of a discretionary stay under Bankruptcy Rule 8005. The applicable standard is that used in determining whether to grant a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable harm if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted. *Ross v. Strauss (In re Ross)*, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (citing *Fargo Women's Health Organization v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994); *James River Flood Control Assoc. v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982) (per curiam)).

Here, the factors weigh heavily in favor of issuing the stay of execution. Certainly, $50,000.00 is not a small sum of money and Koley Jessen is entitled to timely payment of that amount. However, Koley Jessen's interest is undisputably protected by equity in the Maine property and this court's order (Fil. #350) requiring that Koley Jessen be paid from the proceeds of the sale of that property and Debtor concedes that Koley Jessen should receive interest on its allowed claim.

As Debtor's brief indicates, allowing Koley Jessen to execute on the assets of Debtor could wreak havoc on the ability of Debtor and Biovance Technologies to consummate their confirmed plans of reorganization which provide for payment in full of millions of dollars of unsecured claims.

---

[2]Since the issue has been conceded and is not being addressed, this Order shall not have any precedential effect on the issue of whether a final award of an administrative expense constitutes a judgment upon which execution may be issued.

It would also upset the priorities in the bankruptcy system, potentially allowing Koley Jessen's administrative claim to be satisfied ahead of other administrative claims of equal priority.

Of course, the procedural posture of this case is somewhat unique and the court recognizes that Debtor *should* have taken steps to try to modify the confirmed plan when it became clear that Debtor would be unable to meet the deadline for payment of administrative claims. The failure to do so is unfortunate, but it certainly is not fatal to this court's ability to issue a stay of execution. As indicated, the factors weigh heavily in favor of issuing the stay.

IT IS, THEREFORE, ORDERED that issuance of a writ of execution on Koley Jessen's judgment (Fil. #354) is stayed until April 15, 2013, or until further order of this court. Further, Koley Jessen's judgment shall accrue interest at the federal judgment rate of interest from and after its entry on November 29, 2012. Finally, to clarify the record, this court will enter judgment contemporaneously with the filing of this Order.

DATED: December 19, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Donald L. Swanson
   *Kathryn J. Derr
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.